**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LUVIA MARISOL REYES PALMA,<br><br>                              Petitioner,<br><br>              v.<br><br>LUIS SOTO, *et al.*,<br><br>                              Respondents. | Civil Action No. 26-5679 (JXN)<br><br><br>**OPINION** |

<u>**NEALS**</u>, District Judge

Before the Court is Petitioner Luvia Marisol Reyes Palma's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging her continued detention. (ECF No. 1.) Respondents opposed the Petition (ECF No. 7), and Petitioner replied (ECF No. 8). The Court considered the parties' submissions in support of and opposition to the Petition and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **GRANTED**.

### I.    BACKGROUND

Petitioner, a native of Guatemala, unlawfully entered the United States on July 5, 2014. (ECF No. 7 at 1; *see* ECF No. 7-1.) Petitioner encountered United States border patrol agents, and it was determined that she had "unlawfully entered the United States . . . at a time and place other than as designated by the Secretary of the Department of Homeland Security." (ECF No. 7-1 at 4.) Petitioner expressed fear of returning to Guatemala. (*Id.*) On July 7, 2014, Petitioner was served with a Notice to Appear informing her that she is inadmissible to the United States under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) for entering the country without being

admitted or paroled. (ECF No. 7-2.) On July 10, 2014, ICE released Petitioner from custody on an Order of Recognizance, Form I-220A, after she informed Immigration and Customs Enforcement ("ICE") agents of her New Jersey address and telephone number. (ECF No. 7 at 1; ECF No. 7-3.)

On November 17, 2020, an Immigration Judge ("IJ") ordered Petitioner removed *in absentia*, finding that Petitioner's failure to appear at the scheduled hearing and failure to proceed with any applications for relief from removal constituted an abandonment of any applications that Petitioner was eligible to file. (ECF No. 7 at 2; ECF No. 7-4.)

On May 18, 2026, ICE agents detained Petitioner during a targeted operation. (ECF No. 7 at 2.) Petitioner was arrested that day pursuant to a Warrant of Removal Form I-205 and processed for having a final order of removal. (*Id.*) Petitioner has filed a motion to reopen her final order of removal in immigration court. (ECF No. 8 at 1.) That motion remains pending.

On the same day she was detained, Petitioner filed the instant Petition, arguing, among other things, that her detention violated due process. (*See generally* ECF No. 1.) Petitioner seeks her release from detention, submitting that she is the "primary provider and caretaker for her two children, including an eight-year-old U.S. citizen daughter, Valentina. Valentina suffers from serious medical conditions, including heart valve complications that have required multiple surgeries, liver transplants, ongoing medical treatment, intensive follow-up care, and support from social workers." (*Id.* at 1.) On May 26, 2026, Respondents filed a letter response arguing that Petitioner is lawfully detained and is subject to a final order of removal under 8 U.S.C. § 1231(a). (*See* ECF No. 7.) On May 29, 2026, Petitioner replied, arguing that her removal is not significantly likely in the reasonably foreseeable future. (*See* ECF No. 8.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In her Petition, Petitioner argues that her detention violates due process. (ECF No. 1.) In response, Respondents submit that Petitioner is detained under 8 U.S.C. § 1231(a) pursuant to a final order of removal. (*See generally* ECF No. 7.) In reply, Petitioner argues that her removal is not reasonably likely in the foreseeable future. (*See generally* ECF No. 8.)

Based on the IJ's order of removal *in absentia* in 2020, Petitioner has a final order of removal under 8 U.S.C. § 1231(a).[1] Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond

---

[1] Petitioner's *in absentia* removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999); *see also Morangom v. Rokosky,* No. 25-18640, 2026 WL 685633, at *3 (D.N.J. Mar. 11, 2026).

or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody.") (internal citation omitted).

The removal period begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii)   If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded five years ago when the IJ ordered Petitioner removed in 2020. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention). However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption . . . not a prohibition

4

on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

Petitioner argues that her removal is not likely in the reasonably foreseeable future because her motion to reopen remains pending. (*See* ECF No. 7 at 2.) While pending, a motion to reopen does not change the fact that Petitioner is subject to a final order of removal; however, the filing of such a motion "shall stay the removal of [Petitioner] pending disposition of the motion by the immigration judge." 8 C.F.R. § 1003.23(b)(4)(ii). As such, Petitioner's removal is stayed pending the review of her motion to reopen.

Petitioner alleges facts that show her removal is stayed and is not likely in the reasonably foreseeable future. Additionally, Petitioner asserts that she is the caregiver for her young daughter, who suffers from severe medical issues, including heart and liver issues. Finally, the record shows that Petitioner has been present in this country for nearly twenty-two years and has no criminal history. Moreover, "If no exception applies, an alien who is not removed within the 90-day removal period *will be released subject to supervision. Johnson v. Guzman Chavez,* 594 U.S. 523, 529 (2021) (citing 8 U. S. C. § 1231(a)(3); 8 CFR § 241.5.) (emphasis added).

As "the government may release the [noncitizen] subject to conditions of supervised release," 8 U.S.C. § 1231(a)(3), the facts and arguments presented here warrant Petitioner's release on appropriate conditions of supervised release.

IV.     **CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED**: 6/15/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**